Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of plaintiff's compensable accident on 3 May 1995, an employment relationship existed between the plaintiff-employee and the defendant-employer.
3. On 3 May 1995 plaintiff's average weekly wage yielded a stipulated compensation rate of $178.68.
4. It is stipulated plaintiff suffered a compensable injury by accident on 3 May 1995. Defendant paid temporary total disability benefits to the plaintiff from 15 June 1995 through 29 August 1996.
5. The defendant is self-insured with Alexsis Risk Management Services, Incorporated as the claims administrator.
6. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
7. Plaintiff's medical records regarding this claim are admitted into evidence as Stipulated Exhibit #2.
8. Plaintiff's answers to defendant's interrogatories are admitted into evidence as Stipulated Exhibit #3.
9. The issues to be determined are whether plaintiff is disabled as a result of her compensable injury on 3 May 1995; and if so, what, if any, benefits is she entitled.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. Fleishman, Dr. Mumper, Dr. Myers and Ms. DeBaer are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case. Additionally, the medical records of Dr. Fleishman regarding plaintiff are admitted into evidence.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On 3 May 1995 plaintiff was a 42 year old female employed by defendant as a Unit Secretary in the Mental Health Department.
2. On 3 May 1995 plaintiff sustained a compensable injury to her back when she assisted other hospital employees lift and restrain a patient.
3. As a result of this compensable injury plaintiff suffered a disc herniation at L1-2 and underwent a right L1 laminectomy and excision of disc with a free fragment post operatively performed by Dr. Carol Wadon on 7 August 1995.
4. Plaintiff eventually reached maximum medical improvement with respect to her back on 20 February 1996. Dr. Wadon placed plaintiff under permanent restrictions of no bending, no lifting, pushing or pulling over ten (10) pounds, and changing positions frequently. Dr. Wadon gave plaintiff a ten percent (10%), permanent partial impairment rating to her back.
5. Plaintiff began treatment on 30 April 1996 with Dr. Allen Mumper, an expert in psychology and psychological counseling. Plaintiff was referred to Dr. Mumper from Linda Braswell, an employee assistance program counselor at defendant-employer, due to depression, anxiety and panic attacks. Additionally, plaintiff was overdependent on pain medications such as Darvocet and Valium. Plaintiff's diagnosis was major depression and anxiety.
6. Dr. Mumper referred plaintiff to Dr. Susan Myers, a board certified psychiatrist, for treatment. Dr. Myers tried regulating plaintiff's depression and anxiety with various different medications, such as Valium, Prozac, Zoloft, Wellbutrin and Serzone. Plaintiff was already on Valium and Buspar (for anxiety) from her treating physicians, Dr. Henley and Dr. Wadon, prior to seeing Dr. Myers.
7. Although plaintiff had experienced depression and anxiety previously in 1985, and received treatment then from Dr. Fleishman, she was able to continuously work up until the date of her compensable injury on 3 May 1995.
8. Plaintiff's depression and anxiety problems in 1996 are causally related to plaintiff's compensable injury on 3 May 1995. Plaintiff's depression began after her back surgery and increased when she realized the physical limitations she had, as well as self-esteem problems from being unable to find a suitable job. Plaintiff's back pain improved, but her depression and anxiety, as a result of the back injury, increased.
9. Defendant provided vocational rehabilitation assistance to the plaintiff, beginning April, 1996. Ms. DeBaer, a vocational rehabilitation counselor, assisted plaintiff at that time. Plaintiff participated in a Job Club two or three days a week with Ms. DeBaer to assist finding a position. Plaintiff was somewhat selective in the type of position she wanted and would appear less motivated if the position did not meet her stringent requirements. Plaintiff desired a job as unit secretary at defendant-employer, and the defendant and Ms. DeBaer worked toward that goal.
10. In August, 1996, after numerous interviews with defendant, Ms. DeBaer found a position for plaintiff at defendant-employer. This position was a unit secretary in the surgical unit of the hospital. Because things moved so quickly between learning of the job, plaintiff's interview and starting date, the actual position was not cleared through plaintiff's treating physician prior to plaintiff starting the job on 26 August 1996.
11. Although Ms. DeBaer was aware plaintiff was receiving therapy and medication from Dr. Mumper and Dr. Myers, she did not clear the surgical unit secretary position through them to make sure plaintiff was psychologically able to perform the position.
12. Plaintiff began the position of unit secretary in the surgical department of the defendant on 26 August 1996. Plaintiff worked only two and one-half days. On 29 August 1996, plaintiff called Dr. Myers in a panic because she was unable to cope with the pressures of the position. Additionally, plaintiff took more than the prescribed amounts of medication. On 29 August 1996, plaintiff consumed six (6) Darvocet, two (2) Wellbutrin and five to six (5-6) Valium in order to go to work.
13. The position of surgical unit secretary at defendant-employer was not what plaintiff expected on 26 August 1996. The work was very fast paced. The secretary had to immediately and accurately respond when doctors called for treatment orders.
14. Plaintiff reported to her supervisor at the hospital, Ms. Harrison, that she did not think she could emotionally handle the position. Plaintiff also told Ms. Pat Piner, defendant's worker's compensation specialist, that she could not do the job and it was more work than she had expected.
15. Defendant filed an Industrial Commission Form 28T on 9 September 1996 noting plaintiff's return to work on 29 August 1996 at reduced wages of $184.08 per week. The form further noted the termination of temporary total disability compensation, effective 29 August 1996, and plaintiff's entitlement to temporary partial disability benefits.
16. At the time the defendant filed the Form 28T, defendant already was aware that plaintiff was no longer working.
17. The plaintiff filed an Industrial Commission Form 28U on 11 October 1996, completed by Dr. Myers. The defendant did not resume plaintiff's temporary total disability benefits because defendant had not approved Dr. Myers' treatment of plaintiff.
18. The defendant attempted work rehabilitation with plaintiff following plaintiff's attempt to return to work in August, 1996 until 5 October 1996. At that time, the plaintiff reported to Ms. DeBaer she was overmedicating herself with narcotics and desired a detoxification program. Vocational efforts at that time were suspended. On 20 November 1996, plaintiff spoke with Geralyn Kleffman, the defendant's registered nurse, who had been managing plaintiff's case, and plaintiff refused any further case management involvement by the defendant until her workers' compensation benefits had been fully reinstated. Plaintiff also reported no problems with her back injury; her problems were depression and anxiety. Based on this, the defendant attempted no further vocational rehabilitation or medical management.
19. It was reasonable for plaintiff to refuse the unit secretary position in the surgical department of defendant-employer.
20. Plaintiff has not received treatment from Dr. Mumper or Dr. Myers since October, 1996, due to her inability to pay for the treatment.
21. Plaintiff's treatments with Dr. Mumper and Dr. Myers were causally related to plaintiff's compensable injury on 3 May 1995, and were reasonable and necessary to give relief and attempt to decrease plaintiff's period of disability. The plaintiff is in need of further psychological treatment and has not reached maximum medical improvement.
22. Plaintiff wants to work and working would help plaintiff's self-esteem problems and depression. Plaintiff would benefit from vocational assistance, if approved by her treating physicians, including Dr. Myers.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 3 May 1995, plaintiff suffered a compensable injury to her back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff's mental and psychological problems of depression and anxiety are causally related to plaintiff's 3 May 1995 compensable injury. Although plaintiff had previously experienced mental problems in 1985, these problems were not disabling and had resolved prior to plaintiff's compensable injury.
3. Plaintiff is entitled to temporary total disability as a result of plaintiff's compensable injury by accident on 3 May 1995, at a compensation rate of $178.68 per week from 29 August 1996 and continuing until she is no longer disabled. Defendants are entitled to a deduction for those temporary partial disability benefits paid to plaintiff since 29 August 1996. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to have defendant provide all medical treatment arising from the 3 May 1995 compensable injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. This includes the mental and psychological treatment received from Dr. Mumper and Dr. Myers. N.C. Gen. Stat. § 97-25.
5. Plaintiff is entitled to an attorney fee assessed against defendant in the amount of $750.00 pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorney fee approved herein, the defendant shall pay temporary total disability compensation to plaintiff at a compensation rate of $178.68 from 29 August 1996 and continuing until further Order of the Commission, subject to a deduction for any temporary partial disability benefits paid to plaintiff. Those amounts which have accrued shall be payable in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on 3 May 1995, when bills for the same have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure. The approved medical expenses include those arising out of plaintiff's treatment by Dr. Mumper and Dr. Myers for depression.
3. A reasonable attorney fee of twenty-five percent (25%) of the compensation due under Paragraph 1 of this AWARD is hereby approved for plaintiff's counsel. Thereafter, every fourth check shall be payable directly to plaintiff's counsel.
4. Defendant shall pay a reasonable attorney fee of $750.00 to plaintiff's attorney as part of the cost of this action.
5. Defendants shall pay the costs.
This the ___ day of July 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER